## Maser v. Royal Union Mutual Life Insurance Company.

*S. J. Gottesfeld*, for plaintiff; *J. E. Stevenson*, for defendant.

MARTIN, P. J., July 5, 1929.—Suit was instituted on a policy of life insurance issued by the defendant on the life of plaintiff's husband, dated Aug. 25, 1917, requiring the payment of an annual premium of $48.35, and providing, after the policy is in force one year, thirty-one days' grace will be allowed for payment of premiums, with interest at 6 per cent. There is a provision that the policy contains the entire contract, and is not subject to variation or waiver except by the president or secretary of the company. Premiums are payable in exchange for receipts signed by the president or secretary. In the event of failure to pay premiums when due, the policy was to cease and determine, and, unless reinstated, all payments previously made remained the property of the company, subject to a provision contained in the policy for an automatic extension of certain term insurance upon non-payment of premium when the policy had been in force three years.

After default, the policy could be reinstated upon payment of all arrears, with 6 per cent. interest, and the presentation of evidence of insurability satisfactory to the company.

The premiums which became due at the expiration of the period of grace on Sept. 25, 1918, and Oct. 7, 1918, were not paid. A letter was mailed to the insured, calling attention to the non-payment of the premiums and suggesting that an application for reinstatement be filled in by him and returned to the company with his check for $8.35, and a premium note, which was for his signature, enclosed, to extend the policy to Jan. 25, 1919.

The application for reinstatement was not filled in by the insured, but on Oct. 8, 1919, he sent defendant a check signed by "Sam Kline" for $48.35.

The insured died Oct. 17, 1918. On Oct. 23, 1918, the defendant sent a letter addressed to insured, requesting a health certificate to effect reinstatement of the policy, stating that the latest date the policy could be reinstated was Oct. 25, 1918. Defendant returned the check in a letter addressed to the insured, informing him that the check had been received after the policy lapsed.

On Nov. 2, 1918, the defendant refused to furnish the blanks for proof of death.

When these facts were proved at the trial, the court entered a non-suit.

In support of plaintiff's motion to take off the non-suit, it was argued that the court erred in rejecting an offer to prove a custom in Pennsylvania for insurance companies to give notice to policy-holders that their premiums are about to become due. The witness called was not qualified to prove such a custom. He testified that he had been connected with the New York Life Insurance Company since the fall of 1924, and with other companies at various times since December, 1927, and that he was an instructor upon life insurance at the Temple University. Upon cross-examination, he admitted that he

knew of only one case in which the defendant was involved, and that he knew "of the practice in other cases where notices were sent to people advising them that the premiums were about to become due," but when asked if that was only hearsay and not direct knowledge, he answered, "That is quite correct."

There was no evidence that the witness knew of a universal practice or custom in Pennsylvania to send notices. The offer was properly rejected. Authorities that a universal custom may be considered a part of the contract of insurance, or that the practice of an insurance company to send notices of maturing premiums may be considered part of the contract, are not applicable. The testimony was rejected because the witness failed to qualify as an expert possessing knowledge of the existence of such custom.

And now, to wit, July 5, 1929, the motion to strike off the compulsory nonsuit entered in this case is refused.